# Richmond

## Gettis Wade Norwood v. City of Richmond.

December 3, 1962.

Record No. 5515.

Present, All the Justices.

*S. W. Tucker* (*Henry L. Marsh, III*, on brief), for the plaintiff in error.

*James B. Wilkinson, Assistant Commonwealth's Attorney (J. E. Drinard, City Attorney; O. C. Thacker, Jr., Assistant City Attorney,* on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This writ of error brings under review a final judgment of the Hustings Court of the city of Richmond, by which Gettis Wade Norwood, a juvenile, 17 years of age, was found guilty of a misdemeanor and sentenced to 6 months in jail.

The pertinent facts according to the evidence of the Commonwealth, and a statement of the proceedings relating to the arrest, trial, and sentencing of the defendant, may be summarized as follows:

About 9:30 p.m. on July 11, 1960, two police officers of the city of Richmond, in plain clothes, received a call to go to the vicinity of Dineen and Moore streets in their city, to investigate a break-in or attempted break-in of a store. Upon arrival at the designated place, the officers found an excited crowd of 150 to 200 persons, and a drunken man, who they were told had broken the glass in the front door of a store. The alleged offender was loud and boisterous, and said that he had kicked the glass out. Four or five men of the crowd got hold of the man and took him "around the corner." The police officers sought to take the man into custody. They were "blocked" by the crowd, one of whom was Robert Norwood, brother of the defendant, Gettis Wade Norwood, and the man escaped.

About two hours later on the same night, the same two police officers went again to Dineen and Moore streets, accompanied by an officer in uniform, Sergeant Parker, their superior. A crowd was still present at the scene "milling around," and the three officers undertook to clear the streets. Gettis Norwood began hollering and shouting in front of the officers and complained that one of them had cursed his mother. Shoving aside a woman, later learned to be his mother, who was trying to restrain him, he approached the officers in a hostile manner. When he came close to one of the police officers, that officer put his hand on the shoulder of Gettis and told him he was under arrest. Thereupon, Gettis attacked the officer, pushed him against an automobile, and wrestled with him. That officer, with the assistance of a fellow-officer, brought Gettis under control and placed handcuffs on him.

Ascertaining that Gettis was under 18 years of age, a juvenile police officer was called, and the defendant was transported to the juvenile

detention station in a juvenile police vehicle. Code, § 16.1-196, Rep. Vol. 1960. At the station, two warrants were issued against Gettis, each for a misdemeanor, one charging him with disorderly conduct in violation of § 18.1-253, Code of Virginia, and the other charging him with interfering with and resisting an officer in violation of § 24-23 of the Code of the city of Richmond. The defendant was bailed for his appearance before the juvenile and domestic relations court of the city. At the hearing in that court, he was found guilty on both charges; and being aggrieved by the findings, he noted appeals under Code, § 16.1-214, Rep. Vol. 1960, to the Hustings Court of the city of Richmond, where, on November 11, 1960, represented by counsel of his own choosing, he was tried.

Defendant was found guilty of each charge. The judgment order reads, in part, as follows:

"The said defendant appeared * * *, and being tried as an adult under the Juvenile and Domestic Relations Court Law, was arraigned and pleaded not guilty to interfering and resisting Police Officer in the discharge of his duties, * * *, and pleaded not guilty to being disorderly and disturbing the peace * * *.

"And with the consent of the accused, given in person, and the concurrence of the court and the Attorney for the Commonwealth and the city of Richmond, the court proceeded to hear and determine each of these cases without a jury, * * *."

Imposition of sentence was suspended in the case charging disorderly conduct. In imposing sentence in the other case, the court said:

"The Court finds you guilty as charged in the warrant of resisting arrest. I would like to have some background of this boy before I—or if you want, I will go ahead and sentence him now. I will tell you what I am going to do. I am going to sentence him and I will be open for any presentation to the Court of matters which should be taken in mitigation of his punishment.

"All right, sir, the Court sentences you to serve six months in the City Jail, but I will entertain any evidence that counsel feels would justify any mitigation in any respect of the sentence."

Motions to set aside each judgment, as being contrary to the law and the evidence were overruled. The defendant applied for a writ of error in each case. Thereafter, he elected to proceed with the appeal in the city case [this case] and abandoned his appeal in the other case. We are here concerned only with the city case.

■ The main contention urged on behalf of the defendant is that

the Hustings Court was without jurisdiction to try and sentence defendant to jail "without first having considered the results of an investigation required by the Juvenile and Domestic Relations Court Law" of Virginia, 1960 Rep. Vol., chapter 8, §§ 16.1-139—16.1-215.

The record does not show, and it is not claimed, that the juvenile court, upon receipt of notice of the appeal, Code, § 16.1-214, transmitted to the Commonwealth's Attorney of the Hustings Court a report incorporating the results of the investigation required in § 16.1-164, or that such report was ever made available to the court, or to the attorney for the defendant.

Code, § 16.1-214, Rep. Vol. 1960, reads, in part, as follows:

"*Jurisdiction of appeals; procedure.*—From any final order or judgment of the juvenile court affecting the rights or interests of any person under the age of eighteen years coming within its jurisdiction, an appeal may be taken within ten days by any person aggrieved to the circuit, corporation, or hustings court having equity jurisdiction of such city or county. From any final order or judgment of the court affecting the rights or interests of any person of the age of eighteen years or over, coming within its jurisdiction, an appeal may be taken within ten days by the person aggrieved to the circuit, corporation or hustings court having jurisdiction over such city or county. *Upon receipt of notice of such appeal that juvenile court shall forthwith transmit to the Commonwealth's attorney of such circuit, corporation or hustings court a report incorporating the results of the investigation required in § 16.1-164, which shall be confidential in nature and made available only to the court and the attorney for the defendant after the guilt or innocence of the accused has been determined. After final determination of the case the report and all copies thereof, shall be forthwith returned to such juvenile court.* \* \* \*"
(Emphasis added.)

In *Tilton* v. *Commonwealth*, 196 Va. 774, 85 S. E. 2d 368, Justice Eggleston, now Chief Justice, carefully reviewed the history, purpose and intent of the Juvenile and Domestic Relations Court Law. While that case involved a felony charged against a juvenile, the interpretation we placed upon the statute, and the general principles stated with regard to proceedings against a juvenile offender are applicable here. We there said that the court having jurisdiction of a case against a child or minor, whether it be a juvenile court or a court of record, is charged with the duty and responsibility of requiring an investigation of the child's physical, mental and social condition and personality, as well as the facts and circumstances surrounding the violation of

the law which is the cause of his being before the court. 196 Va., *supra,* page 785.

The report of the juvenile court is required so that the court of record, on appeal, may have information upon which to exercise its judicial discretion as to the measure of punishment to be imposed upon a juvenile found guilty of an offense. This requirement is mandatory for the language is that the juvenile court, upon notice of an appeal, "shall forthwith transmit" the results of the investigation required in § 16.1-164. The requirement of itself recognizes the duty of the juvenile court to make the investigation.

When, as in the present case, the proceeding is begun against a juvenile for a violation of a State statute or a municipal ordinance, Code § 16.1-158 (i), in a juvenile and domestic relations court, that court has, within the limits of the territory for which it is created "exclusive original jurisdiction." § 16.1-158. Here, the Hustings Court, the court of record, only acquired jurisdiction on an appeal perfected in the manner prescribed by § 16.1-214.

The record does not show that the provision in the above section was specifically brought to the attention of the Hustings Court. The statement of the trial judge at the conclusion of the evidence indicates that he was reluctant to sentence the juvenile without having "some background of this boy." However, it seems apparent that both court and counsel either overlooked the mandatory requirement of § 16.1-214, or ignored it.

The bare recital that the court proceeded to try defendant as an adult is not sufficient to show compliance with the provisions of the Act, its purpose and intent. Code, § 16.1-177.1 authorizes a "court" to try a child 14 years of age or over for a misdemeanor and impose the penalties authorized to be imposed on adults for such violations, when "the court deems" that such child is incorrigible. But the finding of incorrigibility must, of course, be supported by evidence obtained by an investigation disclosing that the child "cannot be adequately controlled or induced to lead a correct life by use of the various disciplinary and corrective measures available to the court," under the Juvenile and and Domestic Relations Court Law, § 16.1-177.1.

Here no investigation was shown to have been made by either court. Moreover, § 16.1-141, chapter 8, provides that: "When used in this chapter, unless the context otherwise requires: (1) 'The Court', or the 'juvenile court' means the juvenile and domestic relations court of each city and county * * *." We find nothing in the context which

requires that any different meaning be given to the above definition or restriction.

■ We find no merit in the argument of the city that since § 16.1-164 requires an investigation by the juvenile court when the proceeding is begun, with, or without, a petition to correct the juvenile, and §§ 16.1-194 (2) and 16.1-177.1 do not specifically provide for such examination, and no request for an investigation was made, the court of record is not required to have such an investigation, or to receive a report of results of an examination by a juvenile court, before sentencing a juvenile.

This argument is contrary to the elementary rule of statutory construction that every provision in, or part of, a statute, shall be given effect, if possible. Clearly, we think, the Juvenile and Domestic Relations Court Law charges the juvenile court with the duty of carrying out the provisions for an investigation of the background of a child, juvenile or minor, when a proceeding against the child is begun in that court.

The defendant has abandoned at the bar of this Court his assignment of error that his conduct did not justify his arrest for disorderly conduct. There is no merit in his further contention that there was no evidence of criminal intent as to the other charge. His conduct in hollering, shouting, and attacking a police officer after he was placed under arrest fully disclosed such intent.

We conclude that the defendant was not tried according to the law of the land. Section 8, Constitution of Virginia. He was deprived of the benefit of the report required to be transmitted by the juvenile court to the Commonwealth's Attorney of the city of Richmond. In the absence of the report, the Hustings Court was without authority to impose a sentence upon the defendant.

Accordingly, the judgment complained of in the city case is reversed. The judgment sentencing the defendant to jail is set aside and the case remanded to the Hustings Court of the city of Richmond, with direction to remand the case to the juvenile and domestic relations court of that city for a new trial, in accordance with the provisions of the Juvenile and Domestic Relations Court Law and the views expressed herein.

*Judgment reversed and case remanded.*