**Spencer MANNS, Jr., Appellant,**

v.

**The Honorable Lawrence L. KOONTZ et al., Appellees.**

No. 71-1458.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 3, 1971.

Decided Nov. 30, 1971.

Charles S. Ralston, New York City (Jack Greenberg, Jonathan Shapiro, and R. Sylvia Drew, New York City, and Ralph W. Buxton, Legal Aid Society, Roanoke, Va., on brief), for appellant.

James E. Kulp, Asst. Atty. Gen. of Va., on brief, for appellees.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

PER CURIAM:

The appellant, an adult, was indicted in Roanoke, Virginia for six misdemeanors, each involving a juvenile. Under Virginia law the local juvenile and domestic relations courts have exclusive original jurisdiction to prosecute and punish all persons charged with any offense against a child except murder and manslaughter. Va.Code Ann. § 16.1–158(7) (Repl.Vol.1960). Trial in these non-record courts is before the judge sitting without a jury. After conviction, the accused may appeal to the local court of general jurisdiction where he is afforded a jury trial *de novo* as a matter of right. For this new trial the defendant may be required to post a bond and must subject himself to the possibility that, if convicted, he may be given a longer sentence than that initially imposed.

After he had been indicted, Manns filed a complaint in the Federal District Court under 42 U.S.C. § 1983 seeking to enjoin the proceedings brought against

him by the Virginia authorities. He later filed an amended complaint adding a class action to his individual complaint. In both of his claims Manns contends that the procedure under which Virginia tried him is unconstitutional because it denies him and others similarly situated their right to a trial by jury. The District Court held that Manns' claim is barred by Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669. We affirm.

The Sixth Amendment guaranty of a jury trial in cases where the accused might be imprisoned for more than six months has been applied to the states through the Fourteenth Amendment. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. The procedure used by Virginia does not bar absolutely Manns and others in his position from having a jury trial, but it does require them to go through a non-jury trial for an initial determination of guilt. The procedure may present a question of substance, but we are first met with the restraints of the Anti-Injunction Act.[1]

Recognizing the seriousness of a federal prohibition of a state criminal prosecution, the Supreme Court has recently defined the narrow boundaries that circumscribe these actions. In Younger v. Harris, *supra*, the Court held that state criminal actions may be enjoined only where there is irreparable injury which is " 'both great and immediate' ".[2] 401 U.S. at 46, 91 S.Ct. 746. Under this standard an injunction is appropriate in a case like Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, where the prosecution has been brought "in bad faith or is only one of a series of repeated prosecutions to which [the accused] will be subjected." 401 U.S. at 49, 91 S.Ct. at 753. Manns admits, however, that the prosecution against him does not fall within these criteria. Nor

does the challenged Virginia procedure have any "chilling effect" on the exercise of First Amendment freedoms by Manns or any other person.

The *Younger* case also permits Federal District Courts to enjoin state criminal proceedings when the state statute involved is " 'flagrantly and patently violative of express constitutional prohibitions.' " Although the procedural scheme the appellant is challenging raises substantial constitutional questions, it is not so patently unconstitutional that we should act before allowing the Virginia courts an opportunity to scrutinize it in light of Duncan v. Louisiana, *supra*.

Since Manns, in fact, has had a jury trial *de novo* after his conviction in the juvenile and domestic relations court, this procedure might satisfy the provision of the Sixth Amendment that requires a jury trial. A similar procedure in the District of Columbia courts, however, has been held unconstitutional. Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223. When the Supreme Court extended the jury trial provision of the Sixth Amendment to the states, it withheld decision on the application to the states of procedural safeguards formerly required in the federal courts. The Court specifically referred to the *Callan* case and the problem involved in this case without deciding whether the *Callan* rule would be applied to the states. In light of that reservation, we cannot say that the Virginia procedure flagrantly and patently violates the constitution.

The appellant claims that even if his suit as an individual must be dismissed we should decide the class action in his favor. In the class action, however, Manns' position is substantially the same as that of the extraneous plaintiffs who joined with Harris in his suit against Younger. The considerations of

1. 28 U.S.C. § 2283.

2. In Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781, the Court reached

the same result in a case brought under 42 U.S.C. §§ 1983, 1985.

standing, ripeness, abstention and comity that foreclosed the individual claims here and in *Younger* are equally compelling in the class action.[3]

Affirmed.

---

3. In Dyson v. Stein, *supra*, the plaintiff apparently sought relief as representative of a class as well as on his own behalf.