**Robert Miller BROWN, Petitioner,**

**v.**

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–20–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

May 10, 1972.

---

Edwin M. Young, Richmond, Va., for petitioner.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

On November 23, 1965, Robert Miller Brown, in the Circuit Court of Nelson County, pleaded guilty to grand larceny and to breaking and entering the Nelson County High School with intent to commit larceny. On the same date, he pleaded guilty to breaking and entering the storehouse of G. P. Thompson in the night-time with intent to commit larceny and to grand larceny in connection with the breaking and entering. The court found him guilty of all four offenses after hearing the evidence and delayed sentencing until a probation report could be prepared. Brown was discharged on his recognizance.

On February 9, 1966, the court, after reviewing the probation report, sentenced Brown to two years in the penitentiary on each of the four indictments. The sentencing order of the court additionally provided:

"It is further ordered that execution of sentence is suspended until May 23, 1966 and that in the meanwhile the said Robert Miller Brown shall be under close supervision of the Probation Officer of this Court."

The orders of February 9, 1966 allowed Brown to be discharged on his recognizance until 9:30 a. m., on May 23, 1966.

The transcript of the hearing of February 9, 1966, the date of Brown's sentencing, contains the following statement by the court:

"Well, it's the judgment of the Court that you be sentenced to confinement in the State Penitentiary for two years on each of the four charges to run consecutively.[1] I'm going to suspend the operation of the judgment of the Court until the May Term. I want them personally supervised in that period, Mr. Jordan. I want to see what they have done about paying the cost and making restitution for not only any money stolen but any damage done to any of the buildings and structures. And I want you and these young men back here on the first day of that Term."

The record also contains the transcript of the hearing which was held on May 23, 1966 in the Circuit Court of Nelson County, at which the probation officer reported to the court, but does not indicate the court's final disposition of Brown's case. The last statement contained in the transcript was made by the judge and declared:

"Alright, now put the other record on."

On June 20, 1969, a warrant was issued for Brown's arrest. The reason given was that he had violated the conditions of his probation as required in the court's order dated February 9, 1966. The warrant does not state with particularity the violation charged and does not give the date of the violation.

The record contains an attested copy of an order of the Circuit Court of Nelson County dated June 20, 1969, which states:

"It being suggested to the Court by the Probation Officer that Robert Miller Brown has violated the terms under which he was released on probation on February 6, 1966, it is ordered that a capias be issued for his arrest, returnable on June 26, 1969, or as soon thereafter as he is apprehended,

---

1. Virginia Code § 19.1–294 provides that sentences are to run consecutively unless the court provides that they run concurrently.

to answer for his reported violation of probation."

Brown was arrested and jailed October 4, 1969, but was released on $3000.00 bond on October 30, 1969, in the state habeas corpus proceeding which was filed by Brown on October 29, 1969.

On January 26, 1970, Brown's state habeas petition was denied and dismissed by the Nelson County Circuit Court. A petition for writ of error was denied July 9, 1971, and rehearing denied September 13, 1971.

On September 14, 1971, Brown filed his petition for a writ of habeas corpus in this court. His grounds for release were:

(1) that his arrest and detention were unlawful in that he was arrested and held for violation of probation after his term of probation had expired.

(2) that he was denied a speedy trial.

On September 20, 1971, Brown filed an "Appendix to Petition for Writ of Habeas Corpus," where he declared that as a grounds for the issuance of the writ he would show that his detention was without probable cause and that he was denied due process of law throughout his entire state court proceedings. He states no facts in support of this contention, and a reading of the record discloses it to be without merit in any event. It will not be further discussed.

On October 6, 1971, an order was entered by this court, by agreement of the parties, allowing Brown to be released on $3000.00 bond pending the outcome of this case.

The state records which are before this court disclose all the pertinent factual matters necessary for the determination of the petitioner's contentions. Thus, no further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ The court notes that the complaint of denial of a speedy trial due to the delay between the date of violation of probation, swearing out of the warrant therefor, and his scheduled trial on the issue of violation of probation is almost certainly without merit. Although the record does not show the date of the violation charged, the delay in obtaining a hearing has been occasioned by Brown's own actions in instituting the state habeas corpus proceedings and the appeal which followed. Thus, it cannot be said that Brown is being denied a speedy trial. United States v. Cook, 400 F.2d 877 (4th Cir. 1968), cert. den. 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1968). He has not been in custody except for two brief periods of a few months out of almost three years since the probation violation warrant issued, and has been available to develop his defense without the hindrance of confinement.[1A] See Fields v. United States, 370 F.2d 836 (4th Cir. 1967). No state court has passed on the contention that Brown has been denied a speedy trial and he has not exhausted his state remedies. 28 U.S.C. § 2254. *Indeed, the record shows that Brown has not yet had his probation revoked.* A letter from the Assistant Attorney General shows that Brown's latest arrest was for violation of the terms of his bond, which obviously was meant to apply to both proceedings. The records may be somewhat intermingled.

■ Brown's only basis for relief which merits discussion is his contention that he was arrested and confined in the Nelson County jail unlawfully because his probation expired on May 23, 1966. This contention was the sole ground urged in his state habeas hearing. As to this, he has exhausted his state remedies as required by 28 U.S.C. § 2254(b).

Virginia Code § 53–272, dealing with suspended sentence and placing on probation, provides in part:

" . . . [T]he court may suspend the execution of sentence . . . and may also place the defendant on probation under the supervision of a

---

1A. The court is advised by the attorneys that Brown's bond in Nelson County was revoked February 15, 1972, and he is now in custody.

probation officer, during good behavior for such time and under such conditions of probation as the court shall determine . . ."

Virginia Code § 53–275, pertaining to revocation of suspension of sentence and probation, provides in part:

"The court may . . . within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probation period, or if no probation period has been prescribed then within one year after the period of suspension fixed by the court, *or if neither a probation period nor a period of suspension has been prescribed then within one year after the maximum period for which the defendant might originally have been sentenced to be imprisoned,* whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed. In case the execution of the sentence has been suspended, the original sentence shall be in full force and effect, and neither the time of probation or of suspension shall be taken into account to diminish the original sentence . . ." [Italics added]

The two sections of the Virginia Code which have been partially set out above have been construed by the Supreme Court of Virginia. It is obvious from the orders of February 9, 1966 that the Nelson County Circuit Court judge did not place Brown on probation for a stated period. The execution of his sentence was suspended until May 23, 1966 and he was to be under close supervision of the probation officer. Admittedly, in the words of the Circuit Court, it "neglected to enter a further formal order" on May 23, 1966. Also, it is clear Brown was "continued on probation pending a final disposition of the case," which would have worked to Brown's ad-

vantage had he not involved himself in a subsequent probation violation charge. He knew, on February 9, 1966, that the court had sentenced him to a total of eight years' imprisonment.

In Coffey v. Commonwealth, 209 Va. 760, 762, 763, 167 S.E.2d 343, 345 (1969), the Supreme Court of Virginia, citing Marshall v. Commonwealth, 202 Va. 217, 219–221, 116 S.E.2d 270, 273–274 (1960), explained that in construing §§ 53–272 and 53–275:

"While the language of the suspensions does not in terms include a condition of good behavior, *that condition is implicit in every such suspension and constitutes the origin and purpose of the suspension and probation statutes* . . . When a trial court suspends a sentence it 'does not make a contract with the accused, but only extends to him the opportunity which the state affords him to repent and reform' . . .

". . . [W]e now hold, in view of the purpose and history of the statute and the liberal construction to be given it, that the proper construction is that the phrase 'during good behavior' qualifies the power to suspend, as well as the power to place 'on probation under the supervision of a probation officer,' and that *good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not.*

". . . Clearly, we think, § 53–272 was not intended to authorize the suspension of sentence in any and all criminal cases without regard to the subsequent behavior of the defendant.

\*  \*  \*  \*  \*  \*

"It seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension whether or not good behavior was expressly stated to be a condition of the suspension . . ." [Emphasis added]

Clearly, the execution of Brown's sentence was suspended upon his good behavior. It now appears that he was arrested due to some charge of misconduct which is not reflected in detail in the record. There is, however, no unlawful detention, since the court could revoke the suspension of execution of his February, 1966 sentences any time during at least the eight-year period.

To summarize: The court is of opinion that petitioner is trying to take undue advantage of an inadvertent error of the Circuit Court of Nelson County when it neglected to enter an additional order in his case on May 23, 1966. The court is further of opinion that the provisions of Va.Code § 53–275 for situations in which neither a probation period nor period of suspension has been prescribed govern the case here and the court had full authority to cause the petitioner to be tried for a violation of probation.

 In the event, however, that the action of the Circuit Court of Nelson County should turn out to be erroneous, the court is of opinion such error would not be of Constitutional proportions. Since petitioner received only moderate sentences, this case falls within those cases which hold that, with few exceptions, none of which are applicable to the facts here, a federal court has no right to review a state court sentence which does not exceed the statutory maximum in that state. Stevens v. Warden, Maryland Penitentiary, 382 F. 2d 429 (4th Cir. 1967); Noe v. Cox, 320 F.Supp. 849 (W.D.Va.1970). Brown's sentences were well below the statutory maximum for the crimes he committed.[2] This being the case, this court should not review the sentences imposed by the state court judge.

This court has treated the principal contention here on its merits since it was so treated by the state court in the petition for habeas corpus, although Brown's probation has not been revoked by order of the Circuit Court of Nelson County.

An order is this date entered consistent with this opinion.

2. The maximum sentence for grand larceny is twenty years and for breaking and entering is twenty years. Va.Code §§ 18.1–88, 100.