# Richmond

SPENCER MANNS, JR. v. COMMONWEALTH OF VIRGINIA.

October 9, 1972.

Record Nos. 7955 and 7984.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Mary Ellen Gale; David Karro (Ralph W. Buxton; Kurt Berggren; Green, Buxton & Poindexter,* on brief), for plaintiff in error in Record Nos. 7955 and 7984.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7955 and 7984.

HARMAN, J., delivered the opinion of the court.

These two cases come before us on assignments of error by Spencer Manns, Jr., (Manns or defendant) alleging that the trial court erred in failing to quash two misdemeanor warrants charging him with separate violations of Code § 18.1-14 (contributing to the delinquency of a minor).

Manns, an adult male, was first arraigned on the warrants in the Juvenile and Domestic Relations Court of the City of Roanoke. There he made a motion in each case for a jury trial and each motion was denied. In his subsequent trials in the Juvenile and Domestic Relations Court, Manns was convicted as charged and sentences were

imposed. Appeals of right under Code § 16.1-214 were perfected by Manns to the Hustings Court.

Prior to jury trials in the Hustings Court, Manns filed a motion to quash the warrants on the grounds that the convictions entered by the Juvenile and Domestic Relations Court were void because he had been denied a jury trial in violation of his rights under the Sixth and Fourteenth Amendments. These motions were denied by the Hustings Court and Manns was subsequently convicted and sentenced after a separate jury trial on each warrant.[1]

In *Duncan* v. *Louisiana*, 391 U.S. 145 (1968), the Sixth Amendment right of trial by jury was held to extend to trial in a state court under the Due Process Clause of the Fourteenth Amendment.

Prior to *Duncan* we had held in *Gaskill* v. *Commonwealth*, 206 Va. 486, 144 S.E.2d 293 (1965), that the right of trial by jury was not grounded on the Sixth Amendment but was based on Section 8 of the Virginia Constitution of 1902 (now Section 8 of Article I of the Virginia Constitution of 1971) and certain statutes.

The defendant argues here, as he did below, that the warrants should be dismissed because he was not afforded trial by jury in the first instance in the Juvenile and Domestic Relations Court. He says that a jury was required in the first instance by *Callan* v. *Wilson*, 127 U.S. 540 (1888), and that the warrants must be dismissed because he was not then afforded such a jury trial.

In light of *Duncan* we must modify that part of our holding of *Gaskill* that the right to a jury trial is not grounded on the Sixth Amendment. But we do not agree that *Duncan* requires us to embrace the incorporationists' view urged by the defendant that *Callan*, which involved the defendant's right to a jury trial in a federal court of first instance, requires a dismissal of the warrants.

An examination of *Duncan* makes it clear that the question of whether federal jury trial standards formulated in previous decisions would extend to the states is an open question. Commenting on the argument of Louisiana that the federal decisions requiring a twelve man jury, a unanimous verdict of guilt and requiring a jury trial in the first instance should not be extended to the state courts, the Court said:

---

[1] Manns unsuccessfully sought to enjoin these and other prosecutions under 42 U.S.C. § 1983. The United States District Court for the Western District of Virginia held Manns' claim barred by 28 U.S.C. § 2283 under *Younger* v. *Harris*, 401 U.S. 37 (1971). The Circuit Court of Appeals affirmed. *Manns* v. *Koontz*, 451 F.2d 1344 (4th Cir. 1971).

"It seems very unlikely to us that our decision today will require widespread changes in state criminal processes. First, our decisions interpreting the Sixth Amendment are always subject to reconsideration, a fact amply demonstrated by the instant decision. In addition, most of the states have provisions for jury trials equal in breadth to the Sixth Amendment, if that amendment is construed, as it has been, to permit the trial of petty crimes and offenses without a jury." 391 U.S. 158, fn. 30.

And in his concurring opinion, Mr. Justice Fortas said:

"The Due Process Clause commands us to apply its great standard to state court proceedings to assure basic fairness. It does not command us rigidly and arbitrarily to impose the exact pattern of Federal proceedings upon the 50 States. On the contrary, the Constitution's command, in my view, is that in our insistence upon state observance of due process, we should, so far as possible, allow the greatest latitude for state differences. It requires, within the limits of the lofty basic standards that it prescribes for the States as well as the Federal Government, maximum opportunity for diversity and minimal imposition of uniformity of method and detail upon the States. Our Constitution sets up a federal union, not a monolith." 391 U.S. 213-14.

Since *Duncan* the jury trial standards imposed on the federal courts for a twelve man jury, *Thompson* v. *Utah*, 170 U.S. 343 (1898) and unanimous verdict, *Maxwell* v. *Dow*, 176 U.S. 581 (1900), have been held inapplicable to prosecutions in state courts by *Williams* v. *Florida*, 399 U.S. 78 (1970) and *Apodaca* v. *Oregon*, 406 U.S. 404 (1972).

Likewise, we hold the *Callan* rule requiring a jury in the first instance to be a federal jury standard and applicable only to the federal courts.

The Sixth Amendment guarantee of a jury trial as extended to the state courts by *Duncan* is adequately satisfied by the appeal of right and trial *de novo* procedure provided under Virginia law.

*Affirmed.*