**Jesse James FREEMAN, Appellee,**

v.

**A. E. SLAYTON, Jr., Superintendent Virginia State Penitentiary, Appellant.**

No. 73–2247.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1975.

Decided Feb. 9, 1976.

Certiorari Denied Feb. 22, 1977. See 97 S.Ct. 1150.

Robert E. Shepherd, Jr., Asst. Atty. Gen. of Va., Richmond, Va. (Andrew P. Miller, Atty. Gen. of Va., Richmond, Va., on brief), for appellant.

Dailey J. Derr, Durham, N. C. [court-appointed counsel] (Oliver Halle, Everett, Everett & Creech, Durham, N. C., on brief), for appellee.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Jesse James Freeman was convicted in the Circuit Court of Surry County of unlawful possession of a sawed-off shotgun, Va.Code of 1950 § 18.2–301 as amended, and sentenced to confinement in the penitentiary for a term of ten years.

Following denial of Freeman's petition for writ of error to the Supreme Court of Virginia, his petition to the United States District Court for the Eastern District of Virginia for a writ of habeas corpus was granted. His case is before us on appeal

from that order, and the only question before us is whether there is any evidence to support the conviction.

The district court held that the admission of hearsay evidence is unconstitutional as a violation of the confrontation clause of the Sixth Amendment, and since hearsay had to be used to sustain the conviction, there was no evidence at all to sustain the judgment of the state court. Accordingly, it set aside the conviction. The wide ramifications of this holding are apparent without explanation. Since we are of opinion there was sufficient evidence unobjected to on the ground of hearsay to sustain the conviction, we do not reach the constitutional question, *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Mr. Justice Brandeis concurring), and we reverse.

In the Circuit Court of Surry County, the following evidence, unobjected to on the basis of hearsay, was presented.

On the evening of October 3, 1970, at about 9:45 p. m., a store in Richmond, Virginia, Food Service Markets, was robbed of $1,634.00 in paper currency, coins, bus tokens and bus passes, by three black males, one of whom carried a small automatic pistol. Included in the booty was an envelope with the store manager's handwriting upon it, as well as that of his assistant.

Shortly before 11:35 p. m., on October 3, 1970, a collision between a 1963 Chevrolet and a 1970 Chevrolet occurred in Surry County, Virginia. Rescue squads were dispatched to aid the white female (Barrum) and the white male (West) from the 1963 Chevrolet and the four black males (Freeman, Persons, Carter, and Boone) found at the scene of the accident. Freeman was given first aid by a Trooper MacKenzie and was transported to Obici Hospital in Suffolk. At 2:35 a. m., Freeman and one other of the injured black men were taken by rescue squad from Obici to Maryview Hospital in Portsmouth. Petitioner's clothing, including at least a shirt and a pair of shoes, was carried at the foot of the stretcher and was given to the nurse on duty at Maryview. Mrs. Norman, the night supervisor at Maryview, found in Freeman's trousers a pair of women's green gloves, two keys, a piece of paper with an address on it, and $608.08. Suspicious about this large sum of money, Mrs. Norman delivered it to a state trooper, who in turn delivered it to Trooper MacKenzie. Trooper MacKenzie again investigated the scene of the accident, it now being daylight, and found nothing. He then went to Sewards Motor Company in Surry, where the two damaged vehicles had been stored. Approximately $1,190.00 was recovered from the 1970 Chevrolet, $184.00 of which was in bus tokens and passes. Also removed from the car were two revolvers, an automatic pistol, and a leather case containing a box of 12-gauge shells and three sections of a 12-gauge, single barrel shotgun, which, when put together, formed a shortened shotgun 11 and ¾ inches in length. The shotgun was dusted for fingerprints, and none could be identified. It was later determined that the shotgun was not registered.

Later in the day on October 4, 1970, the money, tokens, and passes were identified as proceeds from the robbery in Richmond. Also found in the 1970 Chevrolet was the envelope with the handwriting of the manager and assistant manager of the store upon it. The amount recovered in the car plus the amount found in Freeman's trousers approximates the amount stolen from the store in Richmond.

On October 4th, another state trooper interviewed Freeman in the hospital for the purpose of investigating the automobile accident, and determined that his residence was in Hampton, Virginia, which is near Newport News. Persons and Carter, two of the three black men originally found in the 1970 Chevrolet after the accident, resided in Newport News, Virginia. The 1970 Chevrolet was rented by Persons, the driver at the time of the accident, on October 3, 1970, at 1:35 p. m., from Casey Chevway Corporation in Newport News. It should be noted that the first person to come upon the scene of the accident was one Charity, a passerby. When he came on the scene, three black men were in one car, and one black man

was on the ground. The white man and white woman were in the other car.

Based on this evidence, we believe that a jury could have concluded that Freeman was connected to the robbery and therefore to the car and the sawed-off shotgun which was found in the car. We express no opinion as to the weight or sufficiency of the evidence presented. "Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir. 1960). The only constitutional question is whether petitioner's conviction rests upon "any evidence at all." *Williams v. Peyton*, 414 F.2d 776 (4th Cir. 1969). Applying this test, we do not find the record so lacking in evidence of Freeman's connection with the robbery and the car in which the shotgun was found that a conviction for possession of a sawed-off shotgun is constitutionally precluded by considerations of fundamental fairness.

The order of the district court granting a writ of habeas corpus is accordingly

REVERSED.

WINTER, Circuit Judge, dissenting:

I dissent. I would affirm on the opinion of the district court.

If admissible, the hearsay evidence which is relied upon to sustain defendant's conviction of possession of a sawed-off shotgun found locked in the trunk of a car in violation of Virginia law shows only that he was a passenger in the car. The hearsay cannot be fitted into any recognized exception to the hearsay rule, and since it was crucial to defendant's conviction, I agree with the district court that its admission violated Freeman's rights under the confrontation clause. *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Even if the district judge and I are incorrect in our application of *Dutton*, the evidence that Freeman was a passenger in the car fails to prove an essential element of the Virginia crime: namely, that Freeman either had dominion or control of the trunk of the car, or that he knew or could have known what was in it. Thus, there is lacking any evidentiary basis to support his conviction and the district court properly issued the writ.