## CIRCUIT COURT OF SMYTH COUNTY

Commonwealth of Virginia

v.

Blevins

January 21, 1988

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter along with the memoranda of counsel and authorities submitted. This matter is before the court on Motion for Declaratory Judgment filed by the defendant requesting this court to declare void a judgment of this court entered on November 16, 1973, wherein the defendant was found guilty of burglary. A hearing on this motion was held on November 17, 1987, and the court considered the evidence adduced at that time along with arguments of counsel. Upon consideration of all of which the court finds as follows.

The defendant, Blevins, was born on September 4, 1955. He was arrested in Smyth County, Virginia, in 1973 for statutory burglary. Being seventeen at the time, he was still under the original jurisdiction of the juvenile and domestic relations court. That court certified him as an adult to the circuit court on September 18, 1973, using the following language:

It is adjudged and the within named comes within the purview of the aforementioned law, child is a minor, and that the welfare and best interests of said child, require that the court find

> sufficient evidence for findings of probable cause, and that this case is remanded to the next regular session of the Smyth County grand jury, and the defendant is remanded.

On November 16, 1973, Blevins was tried by a jury in the circuit court and found guilty of statutory burglary. He was sentenced to serve twelve months in jail.

The issue presented is whether Blevins's conviction for statutory burglary should be declared null and void because Blevins was improperly certified to the circuit court thereby rendering the circuit court powerless to exercise jurisdiction over him.

Section 16.1-176 of the Code of Virginia, which was in effect at the time, provided that the juvenile court could transfer a delinquent to the circuit court for trial as an adult if the minor was fifteen years of age or older at the time the alleged offense was committed and if the charge would be a felony if committed by an adult. In order to make such a transfer, the juvenile judge, upon conducting a transfer hearing, had to make the following findings: (1) that there is probable cause to believe that the child committed the delinquent act alleged; (2) that the child is not amenable to treatment or rehabilitation as a juvenile, etc.; (3) that the child is not committable to an institution for the mentally retarded or mentally ill; and (4) that the interests of the community require that the child be placed under legal restraint of discipline.

The court had inquired of counsel for the defendant whether the Motion for Declaratory Judgment was a proper method of attacking the alleged jurisdictional defect. As counsel very aptly put it in his memo, "If Mr. Blevins has been wronged, as he believes, this court should right that wrong without regard to what style the pleadings carry . . . ." Virginia case law certainly seems to support this contention. In the cases of *Wade v. Hancock*, 76 Va. 620 (1882), and *Beck, et al. v. Semones, Adm'r.*, 145 Va. 429 (1926), the Supreme Court stated:

> Want of jurisdiction makes the judgment a nullity and it may be so treated by any court in any proceeding direct or collateral. It is conceded

> by all authorities that if a judgment is void,
> it may be assailed anywhere, at any time, in
> any way, by anybody. It is immaterial whether
> the assault be direct or collateral. It is a
> nullity and may be treated as such.

Thus, it certainly appears that the inquiry as to whether this is a proper procedure to use must be answered in the affirmative.

The case of *Matthews v. Commonwealth*, 216 Va. 358 (1975), is cited by the defendant in support of his position that the conviction is a nullity. That case is very much like the one at bar. The defendant there, who was seventeen at the time, was charged with robbery and malicious wounding. The juvenile court certified him for trial as an adult in the circuit court. The circuit court entered judgment on the jury's verdict convicting him of both offenses and sentencing him to thirteen years in the penitentiary. The defendant contended that the judgment was void since the circuit court never acquired jurisdiction over him because the juvenile court failed to make the findings as required by Section 16.1-176 of the Code. The Supreme Court agreed and reversed the conviction.

The case of *Peyton v. French*, 207 Va. 73 (1966), involved a sixteen-year-old juvenile who was arrested on a petition charging him with being a runaway. He was committed to the Department of Corrections on that petition. While still in confinement, he was charged on petitions with having committed certain felonies and was certified by the juvenile court to the circuit court *en absentia*. In that case the Supreme Court stated:

> It was the intent of the General Assembly in
> enacting the juvenile and domestic relations
> court law that it be liberally construed. The
> powers conferred are to be exercised to effect
> its beneficial purposes, and in all proceedings
> concerning the disposition, custody and control
> of children coming within the purview of the
> law the court shall proceed upon the theory
> that the welfare of the child is the paramount
> concern of the state. . . . and the clear purpose
> and intent of the juvenile and domestic relations

court law cannot be achieved if it is not mandatory that the proceedings . . . be complied with. Indeed, the very language of the statutes makes it mandatory that the aforesaid mentioned statutes be followed before criminal jurisdiction in a proper court of record comes into being.

The Commonwealth's contention here that the defect in the transfer, if any, was procedural only and, therefore, insufficient to deprive the circuit court of jurisdiction, is without merit. The Commonwealth relies upon the case of *Hailey v. Dorsey*, 580 F.2d 112 (4th Cir. 1978), to support this proposition. That case is distinguishable from the case at bar. It involved an appeal *de novo* from the juvenile court to the circuit court. The circuit court retried the case on the merits and entered a conviction and a different punishment. There was never any contention that the circuit court was without jurisdiction to try the case but only that the disposition was impermissible because certain requisite findings were not made by the circuit court. In the instant case we are dealing with circuit court jurisdiction which is derivative in nature. The *Hailey* court, in fact, stated:

> Original jurisdiction over juvenile offenders is vested exclusively in the juvenile and domestic relations court, except those cases in which the offender has been transferred to the circuit court for criminal proceedings . . . . Thus, if there be a significant defect in the transfer proceeding, the circuit court never gains jurisdiction over the juvenile and therefore has no authority to impose a sentence on the offender . . . . the jurisdiction of the circuit court may depend upon actions by the juvenile court, and, if the juvenile court fails to take a fundamental action required by the statutes, the circuit court never gains jurisdiction over the juvenile offender, or at least loses its authority to proceed.

All of this leads me to the conclusion that a failure of the juvenile court to make the requisite findings

required by statute was a jurisdictional defect which deprived the circuit court of any jurisdiction over the case. Thus, the subsequent conviction and judgment of the circuit court is void.