**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID A. SUMRALL,
Petitioner-Appellant,

v.                                                          No. 00-6325

STEWART SIMMS,
Respondent-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-00-343-MJG)

Submitted: July 25, 2000

Decided: September 12, 2000

Before MURNAGHAN,* WILKINS, and TRAXLER,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

David A. Sumrall, Appellant Pro Se.

_____

*Judge Murnaghan was assigned to the panel in this case but died prior
to the time the decision was filed. The decision is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David A. Sumrall appeals the district court's order dismissing his 28 U.S.C. § 2241 (1994) petition pursuant to 28 U.S.C.A. § 1915A (West Supp. 2000). He challenges the Division of Corrections' failure to award him 129 days of credit toward his sentence; he alleges, and the materials in the current record suggest, that the denial was based on the Division's loss of records pertaining to the credits.

Sentence and credit calculations are generally issues of state, not federal law, and these claims do not give rise to federal habeas jurisdiction unless the violation of state law amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) (quoting Hill , 368 U.S. 424, 428 (1962)). Inmates may have a protectable liberty interest in credits against their sentences, if the state statute creating those credits is mandatory rather than permissive. See Greenholtz v. Inmates of Nebraska Penal & Correctional Ctr., 442 U.S. 1, 12 (1979); Paoli v. Lally, 812 F.2d 1489, 1492-93 (4th Cir. 1987); Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983); Durkin v. Davis, 538 F.2d 1037, 1039 (4th Cir. 1976). While the relevant statutory sections are permissive, and expressly permit the Division of Corrections to rescind the credits for disciplinary infractions, see Md. Ann. Code art. 27, §§ 700(g); 704(A)(g), Sumrall does not claim his liberty interest was infringed by a discretionary denial of credits. Further, the record does not suggest that the credits were revoked based on a disciplinary infraction. Rather, Sumrall alleges that the Division of Corrections is denying him credits based upon its decision that Sumrall will not receive the disputed credits solely because the Division cannot locate appropriate incarceration records for Sumrall and therefore cannot "verify" the credits. (R. 2, at Exhibits).

2

In the absence of a response to the petition, we cannot determine whether Sumrall's claims amount to an arbitrary and capricious denial of credit for time he earned, or whether there is some proper basis for declining to award him credit. Accordingly, we grant a certificate of appealability, vacate the order of the district court, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>