**Charles Jackson SHAW**

v.

**J. S. GATHWRIGHT.**

**Civ. A. No. 78–0916–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 25, 1980.

Charles Jackson Shaw, pro se.

James E. Kulp, Deputy Atty. Gen. of Va., Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

Charles Jackson Shaw, an inmate confined at the Staunton Correctional Center, brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

(1970). The petitioner challenges the validity of a judgment of the Circuit Court of Chesterfield County. On May 20, 1975, he was convicted of breaking and entering, and he was sentenced to 10 years.

The following claims are raised in the petition:

1. There was no probable cause to arrest the petitioner;

2. Evidence used against the petitioner at trial was the fruit of the illegal arrest;

3. The prosecution failed to produce a codefendant who could have cleared the petitioner of the crime;

4. The defense counsel failed to provide reasonably competent assistance;

5. The prosecution failed to produce the arresting officer to testify concerning the petitioner's condition at the time of the arrest; and

6. The trial judge refused to accept a notarized document from the codefendant, which the petitioner attempted to introduce at the sentencing proceeding.

The Court has received and reviewed the records of the state court proceeding. The records were contained in the file for Civil Action No. 77–327–AM, to which the Court has referred. The records will be returned to the appropriate state repository following completion of this action.

■ In regard to the petitioner's first and second claims, the respondent correctly argues that the petitioner is not entitled to federal habeas relief on either ground. As is evident from the trial transcript, the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims at trial. The petitioner is thus barred from raising a claim that illegally obtained evidence was introduced against him. *See Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Doleman v. Muncy,* 579 F.2d 1258 (4th Cir. 1978). Furthermore, a conviction may not be challenged merely because an arrest may have been made illegally. *Gerstein v. Pugh,* 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975). The first and second claims will be dismissed.

■ The petitioner also contends that the prosecution and his own attorney failed to produce a codefendant who could have cleared the petitioner of the crime. The record shows that the codefendant was the petitioner's son, who was a fugitive from the law at the time of the petitioner's trial. The defense counsel acknowledged at the beginning and end of the trial that there was a warrant out for the son's arrest, but he could not be located. (Tr. pp. 5, 65). Under these circumstances, the prosecution could not be expected to produce the codefendant. *Compare McLawhorn v. State of North Carolina,* 484 F.2d 1 (4th Cir. 1973). Nor can it be said that the defense attorney's failure to call the witness amounted to ineffective assistance of counsel under the standard set in *Marzullo v. Maryland,* 561 F.2d 540 (4th Cir. 1977), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978).

■■ The petitioner also challenges the effectiveness of counsel because the attorney did not challenge the legality of the arrest and the search and seizure. The incriminating evidence which the police obtained was abandoned by the offenders when they fled the scene of the crime. The property was left behind in a rented van. (Tr. pp. 26–28). There was no doubt that a crime had been committed and that the offenders had arrived at the scene in the van. Search of the van was therefore justified under *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) and *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The fact that property belonging to the petitioner was found in the vehicle provided probable cause for his arrest. In this case, as in *Sallie v. State of North Carolina,* 587 F.2d 636 (4th Cir. 1978), the investigation undertaken by the police was reasonable under the circumstances, and the attorney's failure to challenge the search and arrest does not constitute ineffective assistance of counsel.

■ Next, the petitioner claims that the prosecution failed to produce the arresting officer to testify concerning the petitioner's condition at the time of the arrest. As the respondent points out, however, the peti-

tioner had the right to subpoena the arresting officer had his counsel deemed that step necessary. In *Shaw v. Stacy*, Civil Action No. 77–327–AM, it has previously been determined that the attorney's failure to call the arresting officer did not amount to ineffective assistance since any testimony the officer might have given relating to the fact that the petitioner had been drinking that night would not have contributed to the defense.

■ Finally, the petitioner contends that the trial judge erred in refusing to accept a notarized document written by the codefendant, which the petitioner attempted to introduce at the sentencing proceeding. The document was a letter written by the petitioner's son. Apparently, the son admitted guilt in an effort to have his father set free. (Tr. pp. 65–67). The trial judge ruled that the letter was inadmissible on the ground that it was hearsay. (Tr. p. 67). The admissibility of evidence is generally a matter of state law. *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir. 1960); *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976). The petitioner has failed to show a violation of a specific constitutional right. This claim will therefore be dismissed, and the petition will be denied.

An appropriate order shall issue.