**Cecil COX and William
Lawhorn, Petitioners,**

v.

**Jack R. DUCKWORTH, and Indiana
Attorney General, Respondents.**

**No. S 84–296.**

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 27, 1984.

Cecil Cox, pro se.

William Lawhorn, pro se.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by William Lawhorn and Cecil Cox, inmates incarcerated at the Indiana State Prison in Michigan City, Indiana. The matter is now before this court on respondents' motion to dismiss, filed as part of their Return to Show Cause. In accord with the dictates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court.

A careful examination of the underlying state court record and the opinion of the

Supreme Court of Indiana published at 452 N.E.2d 915 (1983), reveals that petitioners have exhausted their available state court remedies per 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Both sides having briefed their respective positions, this petition is now ripe for ruling.

Petitioners were convicted in a state court jury trial of Dealing in Cocaine, Class A. Felony, for which they received determinate sentences of 30 years. These convictions were unanimously affirmed on appeal by the Supreme Court of Indiana. Petitioners now bring this petition for federal writs of habeas corpus.

Petitioners raise the following issue in this application for habeas relief:

1. In violation of petitioners' right to equal protection of the law and to due process of law, guaranteed by the Fourteenth Amendment to the Constitution of the United States, the trial court erred in entering judgment on the verdict finding Lawhorn and Cox guilty of a Class A felony and in sentencing them to 30 years for a Class A Felony when the evidence presented at trial clearly supports a verdict of guilt of a Class B felony.

This is the sole issue presented by both petitioners.

## I.

The petitioners, William Lawhorn and Cecil Cox, are state prisoners who were convicted of dealing in cocaine, a Class A felony, by a jury. Each petitioner presents but one ground for relief in their habeas petition. The facts used to support the habeas claim have been set forth by the petitioners as follows:

Supporting Facts: Petitioner was arrested for, charged with, and convicted of dealing in cocaine. The actual drug amount of cocaine involved was 2.3 grams.

He was tried and convicted of a Class A. felony and sentenced to thirty (30) years imprisonment, even as the clear and unambiguous language of the statute is that the amount of the "drug", which is carefully defined in the statute to exclude food (a filler), must be in excess of 3 grams.

Therefore, petitioner should have been sentenced to a Class B felony, yet ... confronted squarely with the evidence supporting and verifying petitioner's legal position ... the Indiana Supreme Court refuses to rectify this blatant injustice.

The petitioners' complaint seems to raise two issues involving the Fourteenth Amendment. The first issue they raise appears to be a due process claim with regard to an Indiana Statute, I.C. 35–48–4–1 (Burns Supp.1982) and the Supreme Court of Indiana's interpretation of the language contained within that statute. The second claim alleges a violation of the equal protection clause by the Supreme Court of Indiana's interpretation of state law.

The Supreme Court of Indiana determined that under the state law a Class A felony occurs whenever a person delivers cocaine, pure or adulterated, which weighs three grams or more. *Lawhorn v. State*, 452 N.E.2d 915, 917 (1983). The Supreme Court of Indiana held that under its construction of the state statute, that the entire weight of the substance should be considered in determining the class of the crime when the substance delivered contains any cocaine and was meant to be a delivery of cocaine. *Id.* at 917.

Regarding petitioners' second claim, they have identified the inequality as being based on whether cocaine was mixed with enough other substance to make an aggregate weight in excess of three grams. Petitioners claim that interpreting the state law as the Supreme Court of Indiana does creates a grave injustice and inequality because the persons who deliver the same amount of pure cocaine may be punished differently where the amount of adulterated substance differs.

The respondents contend that the claims raised by the petitioners basically amount to a challenge to the Indiana Court's con-

struction of a state statute, and accordingly, the claims do not present any basis for relief in a habeas corpus proceeding.

The Seventh Circuit Court of Appeals in *United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 436 (7th Cir.1982) has held:

> The district court, in ordering habeas relief, based its exercise of power on 28 U.S.C. § 2254, the provision that governs the procedure for habeas relief to state prisoners:
>
>> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that *he is in custody in violation of the Constitution or laws or treaties of the United States.*
>
> 28 U.S.C. § 2254(a) (1976) (emphasis added). This provision, like the corresponding general jurisdictional grant applying to habeas corpus, limits habeas relief to violations of the Constitution or laws or treaties of the United States. Cases interpreting the habeas corpus statutes have uniformly held that a writ of habeas corpus can be issued only for a violation of federally protected rights. *Cronnon v. Alabama,* 587 F.2d 246 (5th Cir.), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979); *Chance v. Garrison,* 537 F.2d 1212 (4th Cir.1976); *Israel v. Odom,* 521 F.2d 1370 (7th Cir.1975); *McCord v. Henderson,* 384 F.2d 135 (6th Cir.1967). (footnotes omitted).

In applying § 2254, the Seventh Circuit has repeatedly ruled that interpreting state statutes is not a function of the federal courts in a habeas petition. In *United States ex rel. Burnett v. People of the State of Illinois,* 619 F.2d 668, 671 (7th Cir.1980) held:

> Errors in the interpretation of state authority are for the state supreme court to correct. This court will not take the extraordinarily intrusive action of setting aside a state criminal conviction in the guise of due process review, simply because we disagree with the state court's

interpretation of state law. See *Wainwright v. Stone,* 414 U.S. 21, 23–24, 94 S.Ct. 190, 192–193, 38 L.Ed.2d 179 (1973); *United States ex rel. Waters v. Bensinger,* 507 F.2d 103, 104 (7th Cir.1974). Furthermore, the circumstances of this case in no way indicate that the Illinois courts arbitrarily or discriminatorily misread the Illinois law of waiver for the purpose of sustaining the petitioner's conviction. *Cf. Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).

And in *Cramer v. Fahner,* 683 F.2d 1376, 1381–1382 (7th Cir.1982), the Court held that the petitioner's attempt to attack the interpretation by an Illinois court of certain Illinois statutes relating to an indictment for solicitation of murder was improperly brought under habeas review. *See also, Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1568, fn. 21, 71 L.Ed.2d 783 (1982).

The Eighth Circuit Court of Appeals has more than adequately expressed that the function of habeas relief is not to reinterpret state law in *Harkins v. Wyrick,* 589 F.2d 387 (8th Cir.1979) specifically citing two Seventh Circuit cases, holding:

> Petitioner also argues that the Missouri Supreme Court violated due process by interpreting the State crediting statute, Mo.Rev.Stat. § 546.615, in a manner contrary to its plain language. This argument indicates a misperception of the role of the federal courts in examining habeas corpus petitions of State prisoners. As stated in *Israel v. Odom,* 521 F.2d 1370, 1376 (7th Cir.1975), "Interpretation of state statutory law is manifestly not a proper function of this court under its habeas corpus jurisdiction. *United States ex rel. Little v. Twomey,* 477 F.2d 767, 770 (7th Cir.1973). *cert. denied,* 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94." A federal court may not simply reinterpret State statutes. To do so would impermissibly invade the autonomy and independence of the States. *See Erie Railroad Co. v. Tompkins,* 304

U.S. 64, 78–79, 58 S.Ct. 817 [822–23], 82 L.Ed. 1188 (1938). This court is bound by the determination of the Missouri Supreme Court as to the meaning and application of a Missouri Statute.

This court must and will follow the plethora of cases requiring this court to defer to the Supreme Court of Indiana's interpretation of Indiana statutes, particularly in this case, I.C. 35–48–4–1 (Burns Supp.1982) absent some showing of discrimination or arbitrariness.

The Supreme Court of Indiana set forth its rationale for its interpretation of the statute here in question making it abundantly clear in *Lawhorn v. State, supra,* at 917 the reasons the Court held the way it did. The construction of the Indiana statute was guided by rational principles and thus, does not give rise to a level of discrimination or arbitrariness reviewable by this court in a habeas petition. *United States ex rel Burnett v. People of Illinois, supra.* The Supreme Court of Indiana was careful of petitioners' claims recognizing the federal case law requirement of applying the proper test of a rational basis for the statutory interpretation, and applied that test to the case before it. *Lawhorn v. State, supra,* 917–918.

The petitioners have failed to raise a claim that is reviewable under a habeas petition, or to show this court that the Supreme Court of Indiana interpreted the Indiana statute in a discriminatory or arbitrary manner.

## CONCLUSION

The petitioners having failed to present a reviewable issue to this court in their petition for habeas relief, the petition is hereby ordered DISMISSED. SO ORDERED.