**Wayne T. COOPER # 139629,**
**Petitioner,**

v.

**Allyn R. SIELAFF, Director of the Virginia Department of Corrections, Respondent.**

Civ. A. No. 84–788–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 15, 1985.

Wayne T. Cooper, pro se.

Todd E. LePage, Office of the Atty., Gen., Crim. Division—Corrections Section, Richmond, Va., for respondent.

## FINAL ORDER

CLARKE, District Judge.

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The petition alleges violation of federal rights pertaining to petitioner's conviction on May 11, 1983 in the Circuit Court of the City of Hampton for statutory burglary with the intent to commit murder, as a result of which he was sentenced to serve five years in the Virginia penal system.

The matter was referred to a United States Magistrate pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29(A)(1) and (N)(3)(f) of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the magistrate was filed on June 25, 1985 recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate. The court received from petitioner on July 1, 1985 a document entitled "Motions to Denied United States Magistrate Report and Recommended," together with a brief in support thereof, which is construed as objections to said magistrate's report.

The court, having examined the objections filed by the petitioner to the magistrate's report and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the report of the United States Magistrate filed June 25, 1985 and it is, therefore, ORDERED that the petition be DENIED and DISMISSED on its merits and that judgment be entered in favor of the respondent.

Petitioner may appeal from the judgment entered pursuant to this *final order* by filing a *written* notice of appeal with the Clerk of this court, 307 United States Courthouse, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment. For the reasons stated in said

report, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of probable cause for appeal.

The Clerk shall mail a copy of this order to the petitioner and to counsel of record for respondent.

## MAGISTRATE'S REPORT AND RECOMMENDATION

JAMES T. TURNER, United States Magistrate.

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a prisoner in the Virginia penal system. The matter was referred to the undersigned United States Magistrate pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29(A)(1) and (N)(3)(f) of the Rules of the United States District Court for the Eastern District of Virginia.

### A. STATEMENT OF THE CASE

#### 1. Background

Petitioner was convicted of statutory burglary with the intent to commit murder on May 11, 1983 in the Circuit Court of the City of Hampton. He was sentenced to imprisonment in the Virginia penal system for five years and is currently serving that sentence. Petitioner attempted a direct appeal of his conviction to the Supreme Court of Virginia which was denied by order of April 3, 1984.

#### 2. Grounds Alleged

Petitioner alleges the following grounds for relief:

1. That the Commonwealth was collaterally estopped from trying him on the instant charge.

2. That the trial court erred in going against its own ruling that the Commonwealth could not use certain evidence at trial.

3. That the trial court erred in not setting aside the conviction for lack of evidence.

4. That the trial court erred in not allowing petitioner to put on evidence that his wife committed suicide after the Commonwealth told the jury that his wife was dead.

5. That the trial court erred in allowing the Commonwealth to introduce into evidence a knife.

### B. FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### Ground 1

Petitioner complains in Ground 1 that the Commonwealth was collaterally estopped from trying him on the instant charge because prior to his conviction for statutory burglary with the intent to commit murder, petitioner had been tried and acquitted of the murder of his wife.

*Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), imposed on the states the federal rule of collateral estoppel so "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. When a jury is involved and the "previous judgment of acquittal was based upon a general verdict ... a court [must] examine the record of the prior proceeding ... and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 444, 90 S.Ct. at 1194. The burden is on the defendant to show that the verdict *necessarily* decided the factual issues presented in subsequent litigation. *United States v. Head,* 697 F.2d 1200, 1209 (4th Cir.1982).

On May 3, 1983 a pretrial hearing was held on petitioner's motion to dismiss the statutory burglary charge on the ground of collateral estoppel. The trial court correctly advised petitioner that if the previous trier of fact had necessarily determined the

issues in the case then the principles of collateral estoppel would apply (H. 3).[1]

However, petitioner was unable to "point to any one page or any one paragraph of that record which would answer the question which the court has raised" (H. 4). The trial court, after hearing argument and examining the transcripts, stated that "[f]rom looking at the transcript, ... the only issue that can be identified directly and firmly as having been decided by the prior Jury is the question of whether or not Mr. Cooper was or was not guilty of the murder of his wife" (H. 18).

Petitioner has not presented any evidence indicating that the general verdict of not guilty on the charge of murdering his wife necessarily decided the issues presented in the instant case. *See United States v. Head,* 697 F.2d at 1209. Petitioner argues that the issue of intent to commit murder is common to both the charge of murder and statutory burglary with the intent to commit murder and therefore his acquittal on the murder charge brings the principle of collateral estoppel into play. Petitioner is mistaken. The relevant inquiry concerns the scope of the jury verdict. It is clear that the general verdict of acquittal for murder could have been based on a number of different factual scenarios. For instance, the jury could have believed that petitioner broke into the house with the intent to commit murder, but then did not actually commit the murder.

It is concluded that Ground 1 of the petition is without merit.

### Ground 2

■ Petitioner complains in Ground 2 that the trial court erred in going against its own ruling that the Commonwealth could not use certain evidence at trial. The evidence in question concerned the fact of the death of petitioner's wife.

As a general rule, the admissibility of evidence and procedure at state court criminal trials are matters of state law not involving federal constitutional issues and will not be reviewed in a federal habeas corpus proceeding unless circumstances impugning fundamental fairness or infringing specific constitutional protections are alleged and proved. *See Rose v. Hodges,* 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975); *Freeman v. Slayton,* 550 F.2d 909, 911 (4th Cir.1976); *Chance v. Garrison,* 537 F.2d 1212, 1214–15 (4th Cir.1976); *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir.1960); *see also Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner has not alleged any circumstances impugning fundamental fairness or infringing specific constitutional protections. Further, the fact that petitioner's wife was dead emerged in a response to one of petitioner's questions (T. 153).[2]

It is concluded that Ground 2 of the petition is without merit.

### Ground 3

■ Petitioner complains in Ground 3 that the trial court erred in not setting aside the conviction for lack of evidence. This claim concerns the sufficiency of the evidence used to convict petitioner.

The current standard for assessing sufficiency of the evidence to withstand due process scrutiny is set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson,* the United States Supreme Court established the rule that to withstand constitutional scrutiny, a state court conviction must be based on evidence sufficient to justify a rational trier of fact in finding guilt beyond a reasonable doubt. The Court stated that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) 443 U.S. at 319, 99 S.Ct. at 2789. An applicant is entitled to

---

1. References in this form are to the transcript of petitioner's pretrial hearing on May 3, 1983, in the Circuit Court of the City of Hampton.

2. References in this form are to the transcript of petitioner's criminal trial on May 10, 1983, in the Circuit Court of the City of Hampton.

relief on the ground of insufficient evidence to convict only if it is found that "upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 433 U.S. at 324, 99 S.Ct. at 2791–92.

A review of the transcript indicates that on April 28, 1982, the deceased, Patricia Cooper, left her husband, Wayne Cooper, and returned to the house of her mother, Jackie Lipscomb (T. 250–255). When Patricia Cooper's uncle picked her up from the house of Wayne Cooper on April 28, he heard the petitioner threaten his wife that "Girl, when I see you in the street again, I'm going to kill you" (T. 255, 263).

On April 29, 1982, a neighbor observed petitioner as he entered the house of Patricia Cooper's mother by breaking the screen on the side door of the sun porch and then forcing his way into the house (T. 107–10, 116–19). Previous testimony had established the screen was intact when last examined by the occupants on April 28 and that the door was closed (T. 51–2, 79). After observing petitioner break into the house, the neighbor heard petitioner say "I'm going to kill you" and a female say "Don't do it" (T. 110).

The evidence, when viewed in the light most favorable to the prosecution, was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that petitioner committed all the elements of statutory burglary with intent to commit murder. Under *Jackson v. Virginia, supra,* there is no burden on the Commonwealth to disprove every conceivable hypothesis offered by a defendant, but only to prove its own theory of the case beyond a reasonable doubt.

It is concluded that there is no merit to Ground 3 of the petition.

### Ground 4

■ Petitioner alleges in Ground 4 that the trial court erred in not allowing petitioner to put on evidence that his wife committed suicide after the Commonwealth told the jury that his wife was dead.

The general rule concerning the admissibility of evidence was discussed in Ground 2 above. Once again, petitioner has not alleged any circumstances that would merit relief and in fact, he cannot do so. Petitioner did testify that his wife might have committed suicide and that she had previously attempted suicide on some fourteen or fifteen occasions (T. 234). Further testimony regarding the possibility of his wife committing suicide was elicited from petitioner's sister during her testimony (T. 207).

It is concluded that Ground 4 of the petition is without merit.

### Ground 5

■ Petitioner complains in Ground 5 that the trial court erred in allowing the Commonwealth to introduce into evidence a knife.

The general rule concerning the admissibility of evidence was discussed in Ground 2 above. The knife in question was admitted into evidence as part of the Commonwealth's case dealing with the charge of statutory burglary with the intent to commit murder while armed with a deadly weapon. At the conclusion of the evidence, the trial court struck the charge of being armed with a deadly weapon and removed the knife from evidence (T. 284). The judge also instructed the jury that the knife had been withdrawn and that it was no longer a part of the case.

The knife was originally admitted because it had been found at petitioner's house and was a part of the same set of knives as the knife used in the murder of petitioner's wife (T. 146–155). However, the Commonwealth failed to establish that petitioner had a knife in his possession while committing the burglary and accordingly, the trial court removed the knife from evidence.

It is concluded that Ground 5 of the petition is without merit.

### C. RECOMMENDATION

It is recommended that the petition be DENIED and DISMISSED on the merits.

It is further recommended that the court decline to issue any certificate of probable cause for appeal required by Rule 22(b) of the Federal Rules of Appellate Procedure.

### D. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 13 days from the date of mailing of this report to the objecting party (10 days allowed by 28 U.S.C. § 636(b)(1)(C) and three days permitted by Rule 6(e) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Carr v. Hutto,* 737 F.2d 433 (4th Cir.1984); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984).