804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bruce SILER, Plaintiff-Appellant,
v.
Linwood V. STEPHENSON; Attorney General of the State of
North Carolina, Defendant-Appellee.
 No. 86-6719.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Nov. 4, 1986.
 
 Bruce Siler, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, for appellee.
 E.D.N.C.
 DISMISSED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bruce Siler, a North Carolina inmate, seeks to appeal the decision of the district court which dismissed his 28 U.S.C. Sec. 2254 claim. Pursuant to a plea agreement, Siler pled guilty to a charge of second degree murder and was given a life sentence. In his habeas petition Siler asserts that 1) his guilty plea was not voluntary; 2) he did not receive adequate assistance from his attorneys; 3) his arrest was wrongful; 4) his confession was coerced; and 5) he was not informed of the minimum sentence available for first-degree murder. The district court concluded that Siler's constitutional rights had not been violated and dismissed the action.
 
 
 2
 On appeal, Siler contends that 1) the district court wrongfully denied him an evidentiary hearing; 2) the district court did not construe his claims in a liberal manner; and 3) the state court failed to follow procedures required under state law and thus interfered with his constitutional rights.
 
 
 3
 In support of his contention that he is entitled to a full evidentiary hearing, Siler relies on the Supreme Court's opinion in Townsend v. Sain, 372 U.S. 293 (1963). In order to determine whether an evidentiary hearing is required, it is necessary to view Townsend in light of the facts particular to Siler's case. The Supreme Court has determined that in cases where a guilty plea has been entered the court may only review those claims which arise after the plea is entered; claims directly related to the voluntariness of the plea; or claims which present jurisdictional issues to the court. See Tollet v. Henderson, 411 U.S. 258 (1973); Hall v. McKenzie, 575 F.2d 481 (4th Cir.1978).
 
 
 4
 Siler received opportunities in his plea and sentencing hearings to object to the circumstances relating to his plea. At these proceedings the judge asked Siler if he had been forced to plead guilty; if he was satisfied with his attorney; if he understood the plea; and if he had any comments. Throughout the hearings Siler indicated that he understood the proceedings; was guilty of the crime and there were no improprieties in the proceedings.
 
 
 5
 This Court has previously determined that statements made by a defendant during his arraignment that facially demonstrate the validity of his plea are conclusive unless he presents specific circumstances which convince the court otherwise. See Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). Siler's current allegations directly contradict the statements which he made while under oath during the proceedings in state court. Siler has not presented specific circumstances which support questioning his prior sworn statements.
 
 
 6
 Siler asserts two additional bases for reversing the decision of the district court. First he contends that the court did not apply the liberal standards applicable to pro se pleadings when reviewing his habeas petition. The Supreme Court has indicated that pro se litigants must have the opportunity to present their claims to the courts. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The district court applied the less stringent standard for reviewing the pleadings as required under Cruz. All pleadings and responses were reviewed. Dismissal of the action was based on the court's determination that Siler received effective assistance from his attorneys and his guilty plea was entered voluntarily.
 
 
 7
 Siler's final argument is that the state court's failure to provide him with an evidentiary hearing led to a violation of his constitutional rights. This theory is incorrect. As indicated in the first portion of our opinion, Siler is not entitled to an evidentiary hearing. No constitutional right has been violated. It is not the role of this court, when presented with a habeas petition, to review matters of state law which do not involve the impairment of federal constitutional rights. See Chance v. Garrison, 537 F.2d 1212 (4th Cir.1976).
 
 
 8
 Based on the aforementioned authority, we find no reason to issue a certificate of probable cause in this case. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, and dismiss the appeal on the reasoning of the district court. Siler v. Stephenson, C/A No. 85-1454-HC (E.D.N.C., July 16, 1986).
 
 
 9
 DISMISSED.