838 F.2d 1209
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger M. FAULKNER, Petitioner-Appellant,
v.
STATE of MARYLAND, Respondent-Appellee.
 No. 87-7149.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1987.
Decided: Feb. 3, 1988.
 
 Roger M. Faulkner, appellant pro se.
 Before K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roger M. Faulkner appeals from the district court's summary dismissal of his 28 U.S.C. Sec. 2254 petition attacking his convictions for assault with intent to murder, attempted robbery with a deadly weapon, assault with intent to rob, and handgun violations. His petition raised the following issues: (1) the trial court erred in permitting David Kolodny to testify without being qualified as an expert; (2) the evidence was insufficient to support his convictions; (3) he was denied due process because of Kolodny's surprise testimony at trial; (4) the trial court erred in unnecessarily replacing a juror with an alternate; (5) the trial court erred in failing to sustain Faulkner's motion to strike a security officer from the venire for cause; (6) he received ineffective assistance of counsel; (7) he was denied the right to be present during an off-the-record bench conference between a juror and the trial court; and (8) the Maryland courts which ruled on his post-conviction petitions failed to follow procedures mandated by state law and failed to apply state substantive law correctly.
 
 
 2
 Summary dismissal of a federal habeas corpus petition is inappropriate unless the petition and any attached exhibits plainly show that the petitioner is entitled to no relief, or unless the petition is frivolous or patently absurd on its face. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Cf. Raines v. United States, 423 F.2d 526, 529 (4th Cir.1970) (28 U.S.C. Sec. 2255 motion). For the reasons stated below, the district court erred in summarily dismissing some of Faulkner's claims. Thus, we grant a certificate of probable cause, vacate the district court's dismissal of these claims, and remand for further proceedings. In all other respects, the district court's judgment is affirmed.
 
 
 3
 For the reasons stated by the district court, we affirm the summary disposition of Faulkner's claims concerning the qualification of Kolodny as an expert and the failure to strike the security officer from the venire. Faulkner v. State of Maryland, C/A No. 86-2794-Y (D.Md. May 14, 1987). We also affirm the district court's summary disposition of Faulkner's claim that the trial court violated his constitutional rights in replacing one of the jurors because that juror had not arrived when the second day of trial was scheduled to begin. See United States v. Peters, 617 F.2d 503, 505 (7th Cir.1980).
 
 
 4
 The district court did not err in dismissing two of Faulkner's ineffective assistance of counsel claims. Faulkner has made no allegations suggesting that the alternate juror was biased or otherwise unqualified. Thus, he has not adequately alleged that his attorney's alleged failure to object to the substitution prejudiced him. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Faulkner's allegation that his attorney was ineffective for failing to object to Faulkner's absence at a bench conference between the trial court and the juror who was replaced also fails for lack of any allegation suggesting prejudice.
 
 
 5
 Faulkner argues that his absence from the bench conference also violated his federal constitutional rights and state law. He had no federal constitutional right to be present at the conference, however. See United States v. Boone, 759 F.2d 345 (4th Cir.1985) (quoting United States v. Brown, 571 F.2d 980, 987 (6th Cir.1978)). Cf. United States v. Gagnon, 470 U.S. 522 (1985). State law may have given him a right to be present, compare Bunch v. State, 281 Md. 680, 381 A.2d 1142 (1978) with Smith v. State, 55 Md.App. 728, 466 A.2d 526 (1983), but he has made no allegations tending to suggest that any violation of this state law right rendered his trial fundamentally unfair. Cf. Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir.1976); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960).
 
 
 6
 Assuming arguendo that Faulkner's complaints about the Maryland post-conviction courts' review of his claims are cognizable in federal habeas corpus, the state courts' alleged misapplication of state procedural and substantive law did not render those proceedings fundamentally unfair. Thus, those errors will not form the basis for federal habeas corpus relief, and the district court did not err in summarily dismissing this claim. Cf. Chance, 537 F.2d at 125; Grundler, 283 F.2d at 802.
 
 
 7
 The district court did err in dismissing three of Faulkner's claims, however. Faulkner alleged that the evidence was insufficient to support his conviction because neither robbery victim identified him and because no fingerprints were found on the handgun that was retrieved. He also alleged that the state failed to prove that he had fired the handgun and used it to commit the crimes charged. The district court construed these assertions as arguments that the evidence against Faulkner was insufficient because no eyewitness identified Faulkner and his fingerprints were not found on the handgun. If Faulkner's assertions are liberally construed, however, they seem to allege that the state failed to provide any evidence linking him to the handgun used in the crimes of which he was convicted. As such evidence may well be an essential element of those crimes, Faulkner's claim is not frivolous. We therefore vacate the district court's summary dismissal of the claim.
 
 
 8
 We also vacate the summary dismissal of Faulkner's claim that he was unfairly surprised by the testimony of David Kolodny, who testified that the handgun contained three spent cartridges and two live rounds of ammunition, and that the handgun was capable of firing. Faulkner alleged that a discovery order required disclosure of witnesses before trial, that Kolodny was not listed in the discovery order, and that Faulkner was therefore unable to prepare a defense against Kolodny's testimony, which influenced the jury's verdict. When a defendant is "manifestly surprised" by a crucial witness' testimony, the state's violation of a discovery order requiring it to list its witnesses can deprive a defendant of due process. See Hardin v. Wainwright, 678 F.2d 589, 591 (5th Cir.1982); Smith v. Estelle, 602 F.2d 694, 698-703 (5th Cir.1979), aff'd on other grounds, 454 U.S. 451 (1981). As it cannot be said for certain that such circumstances are absent here, we vacate the district court's judgment insofar as it summarily dismissed this claim and remand for further proceedings.
 
 
 9
 The district court also erred in dismissing Faulkner's claim that his attorney was ineffective for failing to interview defense witnesses before trial. Faulkner asserts that these witnesses gave testimony that was damaging to his defense. This claim is not on its face frivolous, because a reasonable attorney would not call witnesses without first finding out the substance of their testimony through interviews or otherwise. Faulkner's claim that the testimony of these witnesses damaged his defense suggests that he may have been prejudiced by his attorney's alleged failure to discover before trial what the witnesses' testimony would be. This claim also should not have been summarily dismissed.
 
 
 10
 To summarize, we grant a certificate of probable cause and vacate the judgment of the district court insofar as it summarily dismissed the following claims: insufficiency of the evidence; unfair surprise due to David Kolodny's testimony; and ineffective assistance of counsel because Faulkner's attorney allegedly failed to interview Faulkner's witnesses before trial. We remand these claims for further proceedings, which may include requiring Faulkner to amend his petition to provide more details about these claims, requiring the state to respond to Faulkner's petition, or conducting an evidentiary hearing, as appropriate. In all other respects, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.